# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

**ANTONIO HAYES,**

      **Plaintiff,**

**v.**                                                              **Case 2:19-cv-02131-TLP-cgc**

**KELLOGG MEMPHIS PLANT,**

      **Defendant**

---

**REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING PURSUANT TO 28 U.S.C. § 1915 AS TO PLAINTIFF'S CLAIMS OF DISCRIMINATION ON THE BASIS OF COLOR AND RETALIATION AND CERTIFICATION OF APPEALABILITY PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE**

**ORDER TO EFFECT SERVICE OF PROCESS AS TO PLAINTIFF'S CLAIMS OF DISCRIMINATION ON THE BASIS OF SEX/GENDER AND RACE**

---

Before the Court is Plaintiff Antonio Hayes' *pro se* Complaint (Docket Entry #1), which must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915"), as Plaintiff is proceeding *in forma pauperis* (D.E. #7). The instant screening has been referred to the United States Magistrate Judge for determination, if service is to be effected, or for Report and Recommendation, if it is recommended that Plaintiff's Complaint, or any claims therein, be dismissed.

On February 25, 2019, Plaintiff filed his Complaint with this Court alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, *et seq*. ("Title VII"). Plaintiff checked boxes on the *pro se* Complaint form indicating that she alleges that she was subjected to

"unequal terms and conditions" of employment and retaliation on the bases of race, color, and gender/sex. (Compl. ¶¶ 6, 9). Plaintiff describes the discriminatory actions as "harassment and sexual harassment by . . . Asia, a female supervisor" who "would violate my space, would point her finger in my chest, and [would] touch her chest against my upper body." (*Id.* ¶ 10).

As exhibits to his Complaint, Plaintiff attached the following: the Equal Employment Opportunity Commission's ("EEOC") Dismissal and Notice of Rights ("Right to Sue Letter") with Charge Number 490-2018-01827, which was mailed on December 3, 2018; Plaintiff's Charge of Discrimination filed with the Tennessee Human Rights Commission ("THRC") on April 16, 2018 with Charge Number 490-2018-01827, which is designated as a charge to be presented to the EEOC; a document entitled "Information Related to Filing Suit Under the Laws Enforced by the EEOC"; and, a typed summary of the circumstances supporting his allegations, which is signed by Plaintiff, although it is unclear if this document was submitted to the EEOC, the THRC, to his employer, or is simply a summary Plaintiff added for purposes of the instant Complaint. Of note, Plaintiff's Charge of Discrimination only alleges discrimination on the basis of race (African American) and sex (male); it does not allege discrimination on the basis of color or retaliation.

A. Section 1915 Screening

Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### B.  Title VII

Title VII provides in pertinent part as follows:

(a) Employer practices

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000-e.

To successfully state a claim upon which relief may be granted for Title VI discrimination, a plaintiff must only set forth a short and plain statement that he is entitled to relief pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A plaintiff, however, is not required to plead a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz*, 534 U.S. at 500.

### C. Exhaustion of Administrative Remedies

As an essential element of a Section 1915 Screening of a Title VII claim, the Court must consider whether the plaintiff has exhausted his administrative remedies before filing suit in federal court. "In Title VII, Congress set up an elaborate administrative procedure, implemented through the EEOC, that is designed to assist in the investigation of claims of . . . discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation." *Granderson v. Univ. of Mich.,* 211 Fed. Appx. 398, 400 (6th Cir.2006); *Duncan v. Delta Consol. Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir.2004), *reh'g & reh'g en banc denied* (Aug. 5, 2004). An individual seeking to bring a Title VII discrimination claim in federal court must first exhaust her administrative remedies. *Scott v. Eastman Chem. Co.,* 275 Fed. Appx. 466, 470–71 (6th Cir.2008); *Weigel v. Baptist Hosp. of E. Tenn.,* 302 F.3d 367, 379 (6th Cir.2002). However, "the requirement 'is not meant to be overly rigid, nor should it result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges

to contain the exact wording which might be required in a judicial pleading.'" *Scott,* 275 Fed. Appx. At 471 (quoting *Randolph v. Ohio Dep't of Youth Serves.,* 453 F.3d 724, 732 (6th Cir.2006)). Thus, "the EEOC complaint should be liberally construed to encompass all claims reasonably expected to grow out of the charge of discrimination." *Randolph,* 453 F.3d at 732 (citation and internal quotation marks omitted). "[W]here facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Dixon v. Ashcroft,* 392 F.3d 212, 217 (6th Cir.2004) (citation and internal quotation marks omitted). Moreover, "[w]hen the EEOC investigation of one charge *in fact* reveals evidence of a different type of discrimination against the plaintiff, a lawsuit based on the newly understood claim will not be barred." *Davis v. Sodexho, Cumberland Coll. Cafeteria,* 157 F.3d 460, 463 (6th Cir.1998).

The Sixth Circuit Court of Appeals requires a "broad reading of the charge because most Title VII claimants are unschooled in the technicalities of the law and proceed without counsel." *Nag v. Procter & Gamble Co.,* 932 F.2d 540, 546 (6th Cir.1991). "[W]here the claimant is unrepresented, a 'broader reading of the charge ... is compelled.'" *Tisdale v. Fed. Express Corp.,* 415 F.3d 516, 527 (6th Cir.2005) (quoting *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 832 (6th Cir.1999)). This does not mean, however, that "plaintiffs are excused from filing charges on a particular discrimination claim before suing in federal court." *Johnson v. Rumsfeld,* 238 Fed. Appx. 105, 108 (6th Cir.2007) (quoting *Davis,* 157 F.3d at 463).

Here, there is no evidence in the record to suggest that Plaintiff was represented by counsel at the time of filing his Charge of Discrimination. Thus, the Charge of Discrimination should be read broadly and construed liberally. Even so, when reviewing the Charge of Discrimination in

the instant case, Plaintiff did not check the box on his Charge of Discrimination alleging either discrimination on the basis of color or retaliation. Moreover, the facts alleged in Plaintiff's Charge of Discrimination do not include a basis for either of these claims. Furthermore, a charge of discrimination on the basis of color and a charge of retaliation are not reasonably expected to grow out of a charge of race discrimination. Finally, there is no evidence to suggest that the EEOC's investigation revealed facts in support claims of discrimination on the basis of color or retaliation. *See Cooper v. Jackson-Madison County General Hosp. Dist.*, 742 F. Supp. 2d 941, 950 (W.D. Tenn. 2010) (citations omitted) (concluding that plaintiff's failure to check the appropriate box on a charge of discrimination, when the later-raised charges would not have reasonably grown out of the bases alleged and when there is no evidence that the EEOC discovered such facts, constituted failure to exhaust remedies). Therefore, it is RECOMMENDED that Plaintiff has failed to exhaust his administrative remedies as to his claims of discrimination on the basis of color and retaliation and that such claims should be DISMISSED.

### D. Certification of Appealability

Upon the recommendation that Plaintiff's claims of discrimination on the basis of color and retaliation be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision in forma pauperis, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal

is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." If the district court denies the pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma pauperis on appeal be DENIED. It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

### E. Order to Effect Service of Process

As to Plaintiff's claims of discrimination on the basis of race and sex/gender, which were properly exhausted and state a claim upon which relief may be granted sufficient to survive a Section 1915 screening,[1] it is ORDERED that the Clerk shall issue process for Defendant and

---

[1] The Court notes that Plaintiff's Complaint provides no explanation of how he believes the discrimination that he suffered, including unwanted touching from a female supervisor, was due to his race. However, as the assailant is a Caucasian female, as Plaintiff is an African American male, as Plaintiff properly exhausted his claim of discrimination on the basis of race, and as the

deliver that process to the marshal for service.  Process shall include a copy of Plaintiff's Complaint.  Service shall be made upon Defendant pursuant to Rule 4(h) of the Federal Rules of Civil Procedure.  All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall make a certificate of service on every document filed.  Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and the local rules of this Court.  Plaintiff shall promptly notify the Clerk of any change of address or whereabouts.  Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

**DATED** this 9th day of April, 2019.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THE REPORT AND RECOMMENDATION CONTAINED HEREIN MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

Section 1915 Screening is a very preliminary assessment of the Complaint, the Court determines that it is appropriate to effectuate service of process on this claim.  The Court's determination at this stage, however, does not suggest that Plaintiff has stated a claim upon which relief may be granted sufficient to survive a motion pursuant to Rule 12(b)(6), as such a determination is premature.