# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANTONIO HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02131-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| KELLOG MEMPHIS PLANT, ) | |
| Defendant. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Magistrate Court recommends this Court dismiss Plaintiff's Complaint, deny leave to proceed in forma pauperis on appeal, and order Plaintiff to either pay the filing fee or file a motion to proceed in forma pauperis. (ECF No. 8 at PageID 26.)

This Court must dismiss an in forma pauperis complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2). The Magistrate Court recommends Plaintiff's claims as to color discrimination and retaliation be dismissed because he did not exhaust his administrative remedies. *Scott v. Eastman Chem. Co.*, 275 Fed. Appx. 466, 470–71 (6th Cir. 2008); *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 379 (6th Cir. 2002); (ECF No.8 at PageId at 23–25). And for that reason also recommends that any appeal would not be taken in good faith. *Coppedge v. U.S.*, 369 U.S. 438, 445 (1962); (ECF No.8 at PageID 26.)

A party has fourteen days to object to a Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). Plaintiff did not object here. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).

1

When neither party objects to a Magistrate Court's Report and Recommendation, the district court reviews only for "clear error." Having reviewed the record and the Report and Recommendation, this Court agrees with the Magistrate Court's assessment that Plaintiff has not stated a claim. (ECF No.8 at PageID 25.) Since the plaintiff did not check the appropriate box on the EEOC discrimination charge, he did not exhaust his administrative remedies. *Id.*; *see Cooper v. Jackson-Madison Cty. Gen. Hosp. Dist.*, 742 F. Supp. 2d 941, 950 (W.D. Tenn. 2010) (failure to check appropriate boxes resulted in non-exhausted remedy, and color based discrimination did not reasonably grow out of race based discrimination); *Strouss v. Mich. Dept. Corrs.*, 250 F.3d 336, 342 (6th Cir. 2001) (finding retaliation claims based on conduct that occurred before EEOC charge filling must be included in that charge).

This Court finds no clear error, and therefore ADOPTS the Report and Recommendation (ECF No. 8) in its entirely. This Court therefore DISMISSES Plaintiff's Complaint.

This Court also agrees that any appeal would be frivolous because it would not pass § 1915 screening. (ECF No. 8 at PageID 26).

**SO ORDERED,** this 24th day of June, 2019.

                                                       s/Thomas L. Parker
                                                     THOMAS L. PARKER
                                                     UNITED STATES DISTRICT JUDGE