## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

**ANTONIO HAYES,**

      **Plaintiff,**

**v.**                                             **Case 2:19-cv-02131-TLP-cgc**

**KELLOGG MEMPHIS PLANT,**

      **Defendant.**

---

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE AND PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

---

Before the Court are Defendant Kellogg Memphis Plant's[1] Motion to Dismiss Plaintiff's Complaint with Prejudice ("Defendant's Motion to Dismiss") (Docket Entry ("D.E.") #73) and Plaintiff Antonio Hayes' "Motion to Object in Accordance to Rule 46 Objecting to a Rule or Order & Rule 41(a)(2) Voluntary Dismissal with Prejudice" ("Plaintiff's Motion for Voluntary Dismissal") (D.E. #72). The instant motions have been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss With Prejudice be GRANTED and that Plaintiff's Motion for Voluntary Dismissal be DENIED.

### I.    Introduction

On February 25, 2019, Plaintiff Antonio Hayes filed a *pro se* Complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e. Plaintiff was

---

[1]    Defendant states that it was improperly named as "Kellogg Memphis Plant"; it states that it should be named as Kellogg USA, LLC. (D.E. #73 at 1).

subsequently granted leave to proceed *in forma pauperis*. (D.E. #7). The Court issued a Scheduling Order on August 2, 2019 setting the deadline for initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on August 30, 2019 and the deadline for completion of all discovery on March 9, 2020. (D.E. #41).

Kellogg served its Rule 26(a)(1) initial disclosures on June 24, 2019. (D.E. #25). Kellogg states that Plaintiff has not provided his Rule 26(a)(1) Initial Disclosures to date. Kellogg further states that it served Interrogatories and Requests for Production of Documents on August 6, 2019. Kellogg states that Plaintiff failed to file timely responses to its Interrogatories and Requests for Production and that the responses eventually served on September 27, 2019 were "largely deficient."[2]

On October 8, 2019, Plaintiff filed a Motion to Compel Production of Documents (D.E. #55) seeking personnel files, which Kellogg opposed (D.E. #58). Plaintiff renewed his Motion to Compel on November 12, 2019 (D.E. #60), which Kellogg again opposed on November 26, 2019 (D.E. #62).

Kellogg filed a Motion to Compel on November 5, 2019, which Plaintiff opposed (D.E. #65, #65, #69). Plaintiff filed his third Motion to Compel on January 3, 2020. (D.E. #68). A hearing was held on these four motions to compel, as well as other pending motions, on January 6, 2020. At that hearing, the Court denied Plaintiff's three motions to compel, granted Kellogg's Motion to Compel, ordered Plaintiff to provide Rule 26(a)(1) Initial Disclosures by January 13,

---

[2] Additionally, with respect to the discovery that has taken place in the instant case, Plaintiff filed a Certificate of Service on August 14, 2019 stating that he had served his First Set of Interrogatories and Requests for Production. (D.E. #44). On October 21, 2019, Kellogg responded to Plaintiff's First Set of Requests for Production. (D.E. #57).

Further, on September 10, 2019, the parties filed a Consent Motion for Protective Order (D.E. #49), which was granted on October 8, 2019 (D.E. #56).

2020, and ordered Plaintiff to respond to certain interrogatories and requests for production by January 24, 2020.  During the hearing, the Court orally admonished Plaintiff that he could be subjected to further sanctions if he failed to comply with the Court's Order.

On January 10, 2020, Plaintiff filed his Motion to Object under Rule 46 of the Federal Rules of Civil Procedure.  Plaintiff states that he is "currently underrepresented with insufficient funds to afford and attorney" that that, in August 2019, he received multiple medical diagnoses which are exacerbated by his attempts to represent himself in this proceeding.  Thus, Plaintiff requests voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

On February 5, 2020, Kellogg filed its Motion to Dismiss.  Kellogg asserts that Plaintiff has failed to comply with the Court's Order Granting Motion to Compel.  Along with never filing his Rule 26(a)(1) disclosures, Kellogg states that Plaintiff never responded to the discovery requests that the Court ordered him to answer.  Kellogg states that its counsel offered to discuss Plaintiff's discovery obligations with him following the January 6, 2020 hearing but that Plaintiff declined that opportunity.  Further, Kellogg states that its counsel contacted Plaintiff twice by e-mail—on January 8, 2020 and February 4, 2020—regarding his obligations.  (*See* D.E. #73, Exhs. A & B).]

## II.    Analysis

Plaintiff seeks a voluntary dismissal pursuant to Rule 41(a)(2), which provides that, except as provided by Rule 41(a)(1), which is inapplicable here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the

order states otherwise, a dismissal under this paragraph . . . is without prejudice." Fed. R Civ. P. 41(a)(2).

Kellogg seeks dismissal with prejudice for failure to comply with an order compelling discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. Rule 37 permits the following sanctions for not obeying a Rule 37 discovery order:

(i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)   rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order . . . .

Fed. R. Civ. P. 37(b)(2)(A).

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure provides as follows: "If the plaintiff fails to prosecute or comply with these rule or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivisions . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Plaintiff's Motion for Voluntary Dismissal states that Plaintiff cannot comply with his discovery obligations due to medical diagnoses he received in August 2019 and due to his lack of

assistance of counsel. However, a review of the record demonstrates that, since April 2019, Plaintiff has repeatedly referenced the same and additional medical symptoms in his filings, which he alleges are due to his work conditions at Kellogg (*See* D.E. #10, #11, #12, #38, #48). Even with these medical diagnoses, Plaintiff has managed to file his own discovery request, three motions to compel, a consent motion for protective order, repeated motions to appoint counsel, and numerous other filings.  (D.E. #15, #16, #17,  #44, #49).  Additionally, Plaintiff's requests for the appointment of counsel have been denied because his case "does not present complex factual and legal issues" warranting such an appointment.  (*See* D.E. #70 at 2-3).  In sum, although the Court appreciates that Plaintiff is suffering from medical conditions, the record reflects that Plaintiff has been of sufficiently good health to pursue his case as he sees fit but has decided not to comply with his discovery obligations.  Because of Plaintiff's failure to comply with his discovery obligations, his failure to respond to Kellogg's Motion to Dismiss, and his failure to respond to this Court's Order to Show Cause, this case is properly addressed pursuant to Rule 37(b)(2)(A) and Rule 41(b).

Rule 37(b)(2)(A) applies to failure to comply with a discovery order—here, the Court's Order Granting Motion to Compel.  Rule 37(b)(2)(A) allows for sanctions less severe than dismissal; however, Plaintiff has abandoned all of his discovery obligations.  Upon consideration of those less-severe sanctions, the Court does not find that any adequately address the scope of Plaintiff's failures here.  Additionally, Rule 41(b) applies to failure to comply with this Court's Order to Show Cause requiring Plaintiff to respond to Kellogg's Motion to Dismiss. Plaintiff was warned in the Court's Order to Show Cause as follows: "**Failure to comply with this Order**

**may result in Plaintiff's case being dismissed without further notice."** (*See* D.E. #74). Plaintiff did not do so.

Accordingly, it is RECOMMENDED that Kellogg's Motion to Dismiss With Prejudice be GRANTED pursuant to Rule 37(b)(2)(A) and Rule 41(b) of the Federal Rules of Civil Procedure and that Plaintiff's Motion for Voluntary Dismissal be DENIED. As such it is RECOMMENDED that Plaintiff's Complaint be dismissed with prejudice.

**DATED** this 17th day of April, 2020.

s/Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**