IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTONIO HAYES,  )  )     Plaintiff,  )  )                                                v.  )  )  KELLOGG MEMPHIS PLANT,  )  )     Defendant.  ) | No. 2:19-cv-02131-TLP-cgc |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING THE COMPLAINT**

Plaintiff sued pro se alleging that Defendant violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e17 ("Title VII").  (ECF No. 1.)

After many discovery disputes, a hearing in which the Magistrate Court granted the Defendant's motion to compel and ordered him to provide initial disclosures by a date certain, Plaintiff moved to voluntarily dismiss his case under Federal Rule of Civil Procedure 41(a)(2) because of "insufficient funds to afford an attorney" and disability-related issues.[1]  (ECF No. 72.)   Defendant then moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 37 for failure to comply with the order compelling discovery (ECF No. 59). (*See* ECF No. 73.)

Under Administrative Order 2013–05, this Court referred this case to the Magistrate Court for management and either to determine or to submit a report and recommendation on

---

[1] In this motion, Plaintiff also objected to the Magistrate Court's order requiring him to serve initial disclosures to Defendant by January 13, 2020, and to respond to discovery requests. (*See* ECF No. 72.)

pretrial matters.  The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion for voluntary dismissal and grant Defendant's motion to dismiss.  (*See* ECF No. 75.)

For the reasons below, the Court **ADOPTS** the R&R in whole.  It thus **DENIES** Plaintiff's motion for voluntary dismissal and **GRANTS** Defendant's motion to dismiss **WITH PREJUDICE**.

I.    **The R&R**

The Magistrate Court found that, "although [it] appreciates that Plaintiff is suffering from medical conditions, the record reflects that Plaintiff has been of sufficiently good health to pursue his case as he sees fit but has decided not to comply with his discovery obligations."  (*Id.* at PageID 419.)  The Magistrate Court also noted that Plaintiff never responded to its order to show cause requiring Plaintiff to respond to Defendant's motion to dismiss, explicitly stating that a "[f]ailure to comply with this Order may result in Plaintiff's case being dismissed without further notice."  (ECF No. 74.)

As a result, the Magistrate Court found that, "[b]ecause of Plaintiff's failure to comply with his discovery obligations, his failure to respond to Kellogg's Motion to Dismiss, and his failure to respond to this Court's Order to Show Cause, this case is properly addressed pursuant to [Federal Rules of Civil Procedure] 37(b)(2)(A) and Rule 41(b)."[2]  (*Id.*)

---

[2] Federal Rule of Civil Procedure 37(b)(2)(A) allows for the dismissal of an "action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery."  Moreover, Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules *or a court order*, a defendant may move to dismiss the action or any claim against it."  This rule also states that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).

## II.     Disposition

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  But no party objected to the R&R, and the time for filing objections has expired.  *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the entire record here, the Court finds no clear error and **ADOPTS** the R&R in whole.  The Court **DENIES** Plaintiff's motion for voluntary dismissal and **GRANTS** Defendant's motion to dismiss.  The Court thus **DISMISSES WITH PREJUDICE** Plaintiff's complaint.

**SO ORDERED**, this 4th day of May, 2020.

        s/Thomas L. Parker
        THOMAS L. PARKER
        UNITED STATES DISTRICT JUDGE